[No. 1079, January 11, 1906.]

## TERRITORY OF NEW MEXICO, Appellee, v. NATH HENDRICKS, Appellant.

### SYLLABUS.

When the evidence of eye witnesses to a homicide is to the effect that the killing was either murder in the first or second degrees, or justifiable, it is error to submit by instruc-

Territory v. Hendricks.

tions, the third degree to the jury for its consideration; and if the jury by its virdict finds the defendant guilty in that degree, the judgment and sentence pronounced thereon will be reversed on appeal.

Appeal from the district court of Chaves county, before WILLIAM H. POPE, Associate justice. Remanded.

GATEWOOD & BATEMAN, for appellant.

If it was the right of the jury, upon the evidence to find the prisoner guilty of either one of the three offenses named, as the court told them, it was the duty of the court to instruct fully as to what constituted each offense so that they might have a correct standard by which to determine the degree when they had found the facts from the evidence. The reading of the statute declaring what was murder in the first degree, and that all other kinds of murder, shall be murder in the second degree, was not a sufficient explanation of the two degrees.

> State v. Meyer, 3 Atl. (Vt.) 200; State v. Baker, 38 Pac. (Mont.) 647; Fitzgerald v. The People, 37 N. Y. 426; Craft v. State, 3 Kas. 451; State v. Hartness, 38 S. E. 254; State v. McCaskey, 16 S. W. 512.

It is the duty of the trial judge in criminal cases to charge the jury as to the law, whether requested so to do by the defendant or not.

> Compiled Laws of New Mexico, 1897, Sec. 2994; Territory v. Friday, 8 N. M. 208; Traction Company v. Hof. 174 U. S. 1; Nudd v. Burrows, 91 U. S. 426; 2 Hale, Common Law (5th Ed.) 147-156.

If anything is omitted from an indictment which the law requires it to contain, however minute, the indictment is bad, both under the common law rules, and equally under our written constitutions, even though a statute declares that it shall be good.

> Bish. Dr. & Fr. Sec. 35, par. 6; State v. Clayton, 13 S. W. 820; Johnson v. State, 7 Mo. 183; Ingram v. State Id. 203; State v.

Murdock, 9 Mo. 739; State v. Green, 66 Mo. 632; State v. Reeves, 97 Mo. 668.

The indictment in any degree of murder must charge that the act was done with felonious intent, for without felonious intent there can be no felony.

State v. Swan, 65 N. C. 330; 1 Arch. Crim. Pl. 885-929, 3 Chit. Crim. Law, 788-828; 2 Bish. Crim. Proc. Secs. 79-651-653; State v. Thompson, 30 Mo. 470; Beasley v. State, 18 Ala. 535; Wharton Crim. Pl. & Pr. (9th. Ed.) Sec. 260; Sac. Inst. Jur. (1st Ed.) 512.

The test by which to determine whether there is or is not sufficient evidence to support a given verdict is, that if the court would set a given verdict aside for want of sufficient evidence, not only should the court not give an instruction permitting such a verdict, but it is reversible error to do so.

Blash Inst. Jur. Sec. 5; 1 Bish N. Cr. Pro. (4th Ed.) Sec. 980, par. 2; State v. Cole, 63 Iowa, 695; State v. Estep. 44 Kan. 575; Lopez v. State, 44 Tes. 299; State v. Mowry, 37 Kan. 369; Washington v. State, 36 Ga. 222; Curtis v. State, 35 Ark. 284; People v. Byrnes, 30 Cal. 206.

It is not the duty of the court to instruct upon any grade of offense not authorized by the evidence, and it is error to do so.

State v. Pushon, 27 S. W. (Mo.) 1113; State v. Turlington, 15 S. W. (Mo.) 146; Jackson v. State, 15 S. E. (Ga.) 578; Lamar v. State, 1 So. (Miss.) 355; Spark v. U. S. 39, U. S. (Law Ed.) 347; Stephenson v. U. S. 40 U. S. (Law Ed.) 981; Territory v. Young, 2 N. M. 104; Territory v. Yarberry, 2 N. M. 457; Territory v. Thomasson, 4 N. M. 164; Falkner v. Territory, 6 N. M. 470; Territory v. Baker, 4 N. M. 236; Territory v. Fewell, 5 N. M. 34.

The court failed to instruct the jury that if any one of them entertained a reasonable doubt as to appellants

Territory v. Hendricks.

guilt, he should not permit himself to be influenced by the opinions of the other jurors, but should stand for what he sees to be his duty, and in such case should not vote for conviction.

Aszman v. State, 24 N. E. (Ind.) 127; Castle v. State, 75 Ind. 364; 122 Inst. 10.

The burden of proof never shifts to the defendant in a criminal case.

Coffin v. U. S. 156 U. S. 432; 5 A. & E. Ency. of Law, (2nd Ed.) 33.

The court should limit by proper instructions the application of the testimony to the points to which it properly applies.

State v. Lavin, 80 Iowa, 555; State v. Marshall, 2 Kan. App. 792; McCall v. State, 14 Tex. App. 353; Paris v. State, 35 Tex. Cr. App. 82; Martin v. State, 36 Tex. Cr. App. 125; Golin v. State, 37 Tex. Cr. App. 90; Proctor v. State, 37 Tex. Cr. App. 366; Thornley v. State 38 S. W. 982; Eyers v. State, 26 S. W. 987; Rogers v. State, 26 Tex. App. 494; Long v. State, 11 Tex. App. 381; State v. Collins, 121 N. C. 667; State v. Lull, 37 Mo. 246; Fossdahe v. State, 80 Wis. 482; Kollock v. State, 80 Wis. 663; Com. v. Tadrick, 1 Pa. Supr. Ct. 555; Gills v. Com. (Ky.)' 37 S. W. 269.

Where evidence admissible for one purpose only has been admitted for that specific purpose, the jury should be instructed that they cannot consider it for any other purpose.

Branch v. State, 15 Tex. App. 96; Kelley v. State, 18 Tex. App. 262; Puryear v. State, 28 Tex. App. 73; 11 S. W. 920.

In cases where a proper showing for continuance as required by law is made, the court has no discretion in the matter, but is compelled by law to grant the application.

Comp. Laws N. M. 1897, Sec. 2987; Territory v. Kenney, 3 N. M. 6564.

Compulsory process is a constitutional right which

defendant should not have been denied, and in such cases the law conclusively presumes that the prisoner was injured by the denial thereof.

> Sixth Amendment U. S. Constitution; Gen. Kearney's Bill of Rights; Comp. Laws N. M. 1897, Sec. 1047.

Murder in the first degree does not under our statute include murder in the third degree. Murder in the third degree is declared to be every unlawful killing, other than murder in the first degree or murder in the second degree, as by the statute defined.

Since the indictment in this case is for murder in the first degree, it cannot include murder in the third degree.

> State v. Doherty, 53 N. W. (Wis.) 1121; 2 Lead, Cr. Cas. (2nd. Ed.) 12; Vavasour v. Ormrod, 9 Dowl & Ryl. 599; Spierns v. Parker, 1 T. R. 141; Com. v. Bean, 14 Gray 53; 1 Stark Cr. Pl. 246; U. S. v. Cook, 17 Wall. 168.

There is nothing in this case to support a verdict of murder in the third degree.

> Sparf et al., v. U. S. 156 U. S. 63; Stevenson v. U. S. 162, U. S. 315; Territory v. Baker, 4 N. M. 236; Territory v. Fewell, 5 N. M. 39; Territory v. Vialpando, 42 Pac. 211 (8 N. M.); Faulkner v. Territory, 6 N. M. 479; Territory v. Young, 2 N. M. 104; Territory v. Yarberry, 2 N. M. 457; Justice v. Commonwealth (Ky.) 46 S. W. 502; Flournoy v. State, 42 S. W. (Tex.) 934; Red v. State, 46 S. W. 408; State v. Rush, 55 Am. Dec. 423; State v. Martin, 2 Iredell, 101; People v. Davis, 36 Pac. (Cal.) 98; People v. Madden, 76 Cal. 521; People v. Scott, 93 Cal. 516; Teel v. State, 22 Ga. 75.

The fact that the jury failed to find appellant guilty of murder in the first degree or of murder in the second degree, had the effect to acquit him on said indictment of murder in both of said degrees, and he cannot again be tried for either of said higher degrees.

Territory v. Hendricks.

9 A. & E. Ency. Law (1st Ed.) 742; 17 A. & E. Ency. Law, (2nd Ed.) 608-9; Hurt v. State, 25 Miss. 378, 5 Am. Dec. 225; Johnson v. State, 21 Am. Rep. 154 (Ark.); Jones v.' State, 13 Tex. 168; Weizopreflin v. State (Ind.) 7 Blackf. 186; Brenna v. People, 15 Ill. 511; State v. Martin (Wis.) 11 Am. Rep. 567; Reagan v. State (Tex.) 51 S. W. 914; State v. Hornsby (La.) 41 Am. Dec. 314; State v. Norvel, 2 Yerg. 24; Jordan v. State, 22 Ga. 545; Barnett v. People, 54 Ill. 325; Fields v. State, 52 Ala. 348; Smith v. State, 68 Ala. 424; State v. Lessing, 16 Minn. 75-80; State v. Ross, 29 Mo. 32; State v. Smith, 53 Mo. 139; Swinney v. State, 8 Smed. & M. 576; State v. De Laney, 28 La. An. 434; Miller v. State, 58 Ga. 200; Roberts v. State, 14 Ga. 8; Com. v. Arnold, 83 Ky. 1.

Having been acquitted of murder in the first degree and murder in the second degree on this indictment and there being no evidence in the case upon which to predicate a verdict of guilty of murder in the third degree, the court should render judgment accordingly, dismissing the prosecution and discharging appellant.

Flynn v. State (Tex.) 66 S. W. 551; State v. Helm, 61 N. W. 249; State v. Chandler, (La.) 52 Am. Dec. 602; Cleveland Rolling Mill Co. v. Rhodes, 121 U. S. 255; Willoughby v. Townsend, 93 Tex. 80; Sampson v. Singer Mfg. Co. 5 S. C. 465; Griffith v. Eshelman, 4 Watts (Pa.) 51; Hendrickson v. N. Y. 170 N. Y. 144; Rutledge v. Mo. Pac. R. Co. 123 Mo. 121; Bailey v. Gaskins, 16 How. (Miss.) 519; Dayton v. Fargo, 45 Mich. 153; Mudd. v. Harper, 1 Md. 110; Toledo, etc., R. R. Co. v. Durkin, 76 Ill. 595; Leadville v. Bishop, 14 Colo. App. 517.

GEORGE W. PRICHARD, for appellee.

It was not only the duty of the court to instruct for

murder in the third degree, but the jury could very well find the defendant guilty in that degree as it did do.

> Territory v. Friday, 8 N. M. 208; Territory v. Romine, 2 N. M. 114; Territory v. Nichols, 3 N. M. 76; Parish v. State, 18 Neb. 405;; Vollmer v. State, 24 Neb. 836; People v. Convoy, 79 N. Y. 62; Adams v. State, 29 Ohio, 412; Com. v. Shuts. 197 Pa. 69; State v. Welch, 36 W. Va. 690.

The appellant is either guilty of murder in the third degree or he is guilty of nothing, for he has been acquitted of murder in the first and second degrees.

> Norris v. the State (Tex.) 61 S. W. 493; Burton v. The Commonwealth (Ky.) 60 S. W. 526; State v. Jones, 47 Atl. 1006.

The defendant is entitled to an instruction in the lower degrees of murder and manslaughter, no matter how slight the evidence.

> State v. Buffington (Kan.) 72 Pac. 213; State v. Shadwell, (Mon.) 66 Pac. 508.

In all homicides caused by the deceased undertaking an illegal arrest, an instruction on manslaughter is proper.

> Norris v. The State, Supra.; Lynch v. The State, (Tex.) 57 S. W. 730; Reddick v. The State, 37 S. W. 993; Roberson v. Florida, 52 L. R. A. 751.

### STATEMENT OF FACTS.

Appellant, Nath Hendricks, was indicted at the April 1901, term of the district court of Chaves county, charged with having murdered one William Rainbolt, a deputy sheriff of Chaves county. The indictment is in the usual form and charges murder in the first degree. The defendant entered a plea of not guilty, and the case was tried in the fall of 1903. The jury returned a verdict of guilty in the third degree, and appellant was sentenced to imprisonment in the territorial penitentiary for ten years. From this judgment, defendant below, appellant herein, appealed. The facts are sufficiently stated in the opinion.

Territory v. Hendricks.

### OPINION OF THE COURT.

Mills, C. J.—In deciding this case it is only deemed necessary to consider the error alleged by appellant to have been committed by the court, in instructing the jury as to murder in the third degree, in which degree the jury returned a verdict of guilty.

The contention of appellant is that no evidence was introduced during the trial of the case to warrant the court in giving to the jury an instruction as to murder in this degree, nor to sustain the verdict of guilty in that degree when returned by the jury.

Section 1060, Compiled Laws of 1897, defines murder as the unlawful killing of a human being with malice aforethought, either express or implied, and sections 1061 and 1062, define express and implied malice.

Murder, by the laws of this Territory, is divided into three degrees, and they are found in the Compiled Laws of 1897, and are numbered respectively, Sections 1063, 1064 and 1065.

In Section 1063, murder in the first degree is defined as follows, to-wit:

"All murder which shall be perpetrated by means of poison, or lying in wait, torture, or by any kind of wilful, deliberate and premeditated killing, or which is committed in the perpetration of or attempt to perpetrate any felony, or perpetrated from a deliberate design unlawfully and maliciously to effect the death of any human being, or perpetratel by any act greatly dangerous to the lives of others, and indicating a depraved mind regardless of human life, shall be deemed murder in the first degree."

Section 1064 defines murder in the second degree, as follows:

"Every murder which shall be perpetrated without a design to effect death, by a person while engaged in the commission of a misdemeanor, or which shall be perpetrated in the heat of passion without design to effect death, but in a cruel and unusual manner, or by means of a dangerous weapon, unless it is committed under such circumstances as constitute excusable or justifiable homicide, or which shall be perpetrated unnecessarily, either while resisting an attempt by the person killed to commit any

offense against person or property, or after such attempt shall have failed, shall be deemed murder in the second degree."

Section 1065, defines murder in the third degree, as follows:

"Every killing of a human being by the act, procurement or culpable negligence of another, which under the provisions of this act is not murder in the first or second degrees, and which is not excusable or justifiable homicide as now defined by law, shall be deemed murder in the third degree."

Six eye-witnesses to the homicide testified, to-wit, Simmerson, Kennedy, Elmore, Rainbolt, (a brother of the deceased), Davis, Travis, Moore, and the appellant, Nath Hendricks, while a considerable number of persons who saw what immediately preceded and followed the killing were put upon the witness stand both by the Territory and the defense.

From an examination of the record the facts in the case may be summarized as follows:

A dance was held at a two room house situated near the town of Roswell, in Chaves county, on the evening of February 8th, 1901. Oliver Hendricks attended and took part in the festivities. William Rainbolt, who was a deputy sheriff, also was present, having driven in a buggy, accompanied by one or two men, to the house where the dance was held. After arriving at the dance the deceased sat around for some time, and seeing a pistol in the pocket of Oliver Hendricks, asked him to step outside the house, and when he had done so, demanded that he surrender the pistol to him and consider himself under arrest. Oliver Hendricks at first demurred, but finally under the persuading influence of a revolver pointed at him by the officer, gave it up. Before Rainbolt and Oliver Hendricks had gone outside of the house where the dance was held, Nath Hendricks, appellant herein, and brother of Oliver Hendricks, rode up, dismounted from his horse and tied it to the fence which was in front of the house, and near the gate, and was standing by the horse at the time his brother gave his revolver to Rainbolt. While securing the pistol, and up to the time of the shooting, considerable

abusive language was indulged in by the two Hendricks, and the deceased. After disarming Oliver Hendricks, Rainbolt ordered him to get into his buggy, so that he might take him to jail and lock him up for the night, preparatory to taking him before a justice of the peace the next morning to be tried for unlawfully carrying arms. Oilver asked that he be not locked up and offered to give bail for his appearance the next morning, and appellant offered to give his horse as security for his brother's appearance. Rainbolt declined to take bail, and said that Oliver Hendricks must get in his buggy and go with him, and threatened him with his revolver to make him do so. Nath Hendricks at once drew his pistol and fired one shot at Rainbolt, who was mortally wounded, but who did not immediately fall, and who ran in through the gate, towards the west end of the house, about forty-five feet, where he fell. He was carried into the house and shortly expired. After the shooting Nath Hendricks mounted his horse, fired one shot, presumably in the air, and rode away. All of the witnesses testified that the shooting seemed to be deliberate and intentional. Appellant sought to justify the killing on the ground that he thought his brother's life was in danger. He also testified that he deliberately fired at the deceased intending to hit him. The above statement of the facts is established by the evidence, and no testimony was introduced at the trial which contradicted it.

The question presented is, should not the jury have returned a verdict against the appellant of guilty in either the first or second degree, or else have found him not guilty, under the theory that the shooting was justifiable. If the verdict had been guilty in either the first or second degrees, this court would have no difficulty in sustaining it, as the jury might well have reasoned from the evidence that the killing was wilful, deliberate and premeditated, which would have justified a verdict of guilty in the first degree, or they might have concluded that the homicide was committed in the heat of passion, without design to effect death, and by means of a deadly weapon, and a verdict in the second degree would have been sustained.

Section 1065, Compiled Laws of 1897, which defines

murder in the third degree is an omnibus clause, intended to include all kinds of homicides, including those which the legislative body may have overlooked, if any, and which are not included in those sections which define murder in the first and second degrees. If the word "act" which occurs in this statute stood alone, and was used in its ordinary sense, it would include almost every homicide, no matter how wilful, deliberate and premeditated it might be; and the trial judge would have to instruct the jury in the third degree in almost every case of homicide which was tried before him, no matter how heinous it might be. Even murder by poison would be included in it if the accused administered the deadly potion himself, with the deliberate intention of taking the life of his victim, for the reason that the death which ensued would be caused by the "act" of him who administered the poison.

The legislature evidently did not intend to use the word "act" as it occurs in this law in this broad sense. It is qualified by the words which follow it, to-wit: "Of another, which under the provisions of this act is not murder in the first or second degrees." The whole section must be read together. We think that it clearly was the intention of the legislature in defining murder in the third degree as it did, to include in that degree unlawful homicides which are not included and covered by the definitions of murder in the first and second degrees. In fact the statute so states, for, with certain eliminations, it reads: "Every killing of a human being * ** * which under the provisions of this act is not murder in the first or second degrees * * * * shall be deemed to be murder in the third degree."

This distinction seems to have been recognized by our supreme court, for it has held that, "every unlawful killing of a human being with malice aforethought, is murder, either in the first or second degrees." Aguilar v. Territory, 8 N. M. 496; and again, this court has held, where the killing was testified to by eye-witnesses, that "the court may instruct the jury as to a single degree or two degrees, or all the degrees, as, or not, the evidence may be applicable to one or more degrees." Territory v. Padilla, 8 N. M. 510.

Territory v. Hendricks.

If, therefore, all of the evidence introduced on the trial shows that the killing was either murder in the first or second degrees, or justifiable homicide, then no instruction as to murder in the third degree should be given to the jury, as it is in conflict with the statute defining murder in this degree. Sharf and Hansen v. U. S., 156 U. S. 63; Stevenson v. U, S., 162 U. S., 315. If the evidence shows that the killing was unlawful, deliberate and premeditated, and was committed with malice aforethought, it must be murder in the first or second degrees. Aguilar v. Territory, 8 N. M. 496. See also the case of Regnier v. Territory of Oklahoma, 82 Pac. 509, which has been printed since this opinion was written.

From what we have said above, if there is no evidence to show murder in the third degree, it follows, that it is error to charge in that degree, and to sentence on a verdict of guilty returned by a jury in that degree, (although if a jury is improperly instructed in that degree, along with others, and return a verdict of guilty in a higher degree, which there is evidence to sustain the error is harmless), because of the well settled rule, that no judgment will be sustained on appeal, unless there is evidence to support it. It is needless to quote authorities in support of this proposition.

In the case at bar the evidence all goes to show that the killing was either murder in a higher degree than the third, or that it was justifiable homicide, and as there is no evidence to sustain the verdict returned by the jury of guilty in the third degree, the case is reversed and remanded to the district court of Chaves county, and it is so ordered.

Frank W. Parker, A. J., John R. McFie, A. J., Edward A. Mann, A. J., Ira A. Abbott, A. J., concur.

Pope, A. J., having tried this case below, took no part in this decision.